UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TERRY RUSS,<br>        Defendant. | Docket No. 24-cr-119-mkl |

## PLEA AGREEMENT

The United States of America, by and through the United States Attorney for the District of Vermont (hereafter "the United States"), and the defendant, TERRY RUSS, agree to the following in regard to the disposition of pending criminal charges.

1. TERRY RUSS agrees to plead guilty to Count Three of the Superseding Indictment, charging him with possession with intent to distribute fentanyl and cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and Count Five of the Superseding Indictment, charging him with knowingly using and carrying during and in relation to, and possessing in furtherance of, a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i).

2. TERRY RUSS understands, agrees and has had explained to him by counsel that the Court may impose the following sentence on his plea: As to Count Three, up to 20 years' imprisonment, up to a lifetime of supervised release with a mandatory minimum of 3 years of supervised release, and up to a $1,000,000 fine, pursuant to 21 U.S.C. § 841(b)(1)(C); and as to Count Five, up to life imprisonment, with a 5-year mandatory minimum term of imprisonment, pursuant to 18 U.S.C. § 924(c)(1)(A)(i); up to 5 years of supervised release pursuant to 18 U.S.C. § 3583; up to a $250,000 fine pursuant to 18 U.S.C. § 3571; and a $100.00 special assessment pursuant to 18 U.S.C. § 3013.

1

3. TERRY RUSS agrees to plead guilty because he is, in fact, guilty of the above crime.

4. TERRY RUSS stipulates to, agrees with, and admits the following facts:

    a. In or about October 2024, TERRY RUSS knowingly and intentionally distributed fentanyl and cocaine, both Schedule II controlled substances, from his residence at 2175 Anderson Road in Grafton, Vermont, to up to five customers per day. In so doing, RUSS knowingly maintained his residence for the purpose of distributing fentanyl and cocaine.

    b. On October 1, 2024, at his residence in Grafton, VT, TERRY RUSS knowingly and intentionally sold the following to another individual:

        i. Approximately 200 bags of heroin/fentanyl;

        ii. Approximately 15.5 grams of cocaine;

        iii. A .308 caliber Privately Manufactured Firearm (PMF) rifle;

        iv. Approximately 53 rounds of .308 ammunition; and

        v. Two magazines.

    c. On October 22, 2024, law enforcement executed a search warrant at the residence of TERRY RUSS in Grafton, VT. During the course of that search, law enforcement recovered the following items:

        i. Approximately 12.5 grams of fentanyl;

        ii. Approximately 69.5 grams of cocaine;

        iii. One Taurus G3C 9mm pistol with serial number AED288991, containing a magazine loaded with 11 rounds of ammunition;

        iv. One Ruger P90DC .45 caliber pistol with serial number 660-10992, containing a magazine loaded with 7 rounds of ammunition;

        v. One Colt Double Eagle MKII .45 caliber pistol with serial number DA22970, containing a magazine loaded with 7 rounds of ammunition;

vi. One Mossberg 535, 12-gauge shotgun with serial number AT0004024 containing one round, with a holder containing 5 12-gauge rounds of ammunition;

vii. One Savage 24 .22 caliber / 20 gauge firearm with serial number F102372;

viii. One Century Arms International VSKA 7.62 caliber rifle with serial number SV7118284;

ix. One Maadi MISR 7.62 caliber rifle with serial number CAI08263;

x. One Marlin 30AW 30/30 rifle with serial number 07018017;

xi. One Remington 770 .243 caliber rifle with serial number 71443131;

xii. One US Carbine M1 .30 caliber rifle with serial number 1520099;

xiii. One Marlin Glenfield 30A 30/30 rifle with serial number 19124507; and

xiv. One Sig Sauer SP2022 9mm pistol with serial number 24B235323 containing a magazine loaded with 14 rounds of ammunition.

d. Before the foregoing items were recovered by law enforcement on October 22, 2024, RUSS possessed those items.

   i. RUSS possessed the fentanyl and cocaine with the intent to distribute them.

   ii. RUSS possessed the firearms listed above in furtherance of – and knowingly used and carried those firearms during and in relation to – (1) his maintenance of his residence for the purpose of fentanyl and cocaine distribution, (2) his distribution of fentanyl and cocaine on October 1, 2024, and (3) his possession with intent to distribute the fentanyl and cocaine recovered by law enforcement on October 22, 2024.

5. TERRY RUSS understands that it is a condition of this agreement that he refrain from committing any further crimes, whether federal, state or local, and that if on release he will abide by all conditions of release.

6. TERRY RUSS acknowledges that he understands the nature of the charges to which he will plead guilty and the possible penalties. He also acknowledges that he has the following rights: the right to persist in a plea of not guilty; the right to a jury trial; the right to be represented by counsel B and if necessary have the court appoint counsel B at trial and at every other stage of the proceeding; the right at trial to confront and cross-examine adverse witnesses; the right to be protected from compelled self-incrimination; and the right to testify and present evidence and to compel the attendance of witnesses. He understands that by pleading guilty, he will waive these rights. He also understands that if his guilty plea is accepted by the Court, there will be no trial and the question of guilt will be resolved; all that will remain will be the Court's imposition of sentence.

7. TERRY RUSS fully understands that he may not withdraw his plea because the Court declines to follow any recommendation, motion or stipulation of the parties to this agreement, other than an agreement between the parties pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). The United States specifically reserves the right to allocute at sentencing. There shall be no limit on the information the United States may present to the Court and the Probation Office relevant to sentencing and no limit (except as otherwise provided in this agreement) on the positions the government may take at sentencing. Both parties are free to move for a departure under the Guidelines and to argue for a sentence outside the advisory sentencing range, except as otherwise set forth in this agreement. The United States also reserves the right to correct any misstatement of fact made during the sentencing process, to oppose any motion to withdraw a plea of guilty, and to support on appeal any decisions of the sentencing Court whether in agreement or in conflict with recommendations and stipulations of the parties.

8. TERRY RUSS fully understands that any estimates or predictions relative to the Guidelines calculations are not binding upon the Court. TERRY RUSS acknowledges that there is no agreement between the parties as to both the calculation of the offense level and the defendant's criminal history category. TERRY RUSS understands his criminal history could impact both the offense level and the criminal history category applicable to his Guideline calculation. He fully understands that the Guidelines are advisory and that the Court can consider any and all information that it deems relevant to the sentencing determination. He acknowledges that in the event that any estimates or predictions by his attorney (or anyone else) are erroneous, those erroneous predictions will not provide grounds for withdrawal of his plea of guilty, modification of his sentence, or for appellate or post-conviction relief.

9. TERRY RUSS agrees to make a good-faith effort to pay any fine or restitution he is ordered to pay. TERRY RUSS agrees to pay the special assessment at the time of sentencing.

10. TERRY RUSS recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. The defendant, if not a United States citizen, may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Removal and other immigration consequences are the subject of a separate proceeding, however, and he understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. TERRY RUSS nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

11. The United States agrees that in the event that TERRY RUSS fully and completely abides by all conditions of this agreement, the United States will:

    a. move to dismiss the remaining Counts of the Indictment at the time of sentencing;

    b. not file additional federal charges in the District of Vermont based on the conduct described in the factual stipulations at paragraph 4;

    c. recommend to the sentencing Court that he be sentenced to a term of imprisonment within the applicable Sentencing Guidelines range if the total offense level is 21 or above, subject to the 60-month mandatory consecutive term of imprisonment set forth in U.S.S.G. § 2K2.4(b);

    d. recommend that he receive a two-point credit for acceptance of responsibility under Guideline § 3E1.1(a), provided that (1) he cooperates truthfully and completely with the Probation Office during the presentence investigation, including truthfully admitting the conduct comprising the offense(s) of conviction and not falsely denying any relevant conduct for which he is accountable under U.S.S.G. § 1B1.3, (2) he abides by the conditions of his release, and (3) provided that no new information comes to the attention of the United States relative to the issue of his receiving credit for acceptance of responsibility; and

    e. move for an additional one-point credit for timely acceptance of responsibility, if the offense level (before acceptance) is 16 or greater and he meets the conditions in the subparagraph above.

12. If the United States determines, in its sole discretion, that TERRY RUSS has committed any offense after the date of this agreement, has violated any condition of release, or has provided any intentionally false information to Probation, the obligations of the United States in

6

this agreement will be void. The United States will have the right to recommend that the Court impose any sentence authorized by law and will have the right to prosecute him for any other offenses he may have committed in the District of Vermont. TERRY RUSS understands and agrees that, under such circumstances, he will have no right to withdraw his previously entered plea of guilty.

13. TERRY RUSS acknowledges and consents to the criminal forfeiture of the property named in the Forfeiture Notice of the Indictment as discussed more fully below:

    a. TERRY RUSS agrees to the forfeiture of the items listed below seized on or about October 22, 2024 ("the Property"):

- One Taurus G3C 9mm pistol with serial number AED288991;
- One Ruger P90DC .45 caliber pistol with serial number 660-10992;
- One Colt Double Eagle MKII .45 caliber pistol with serial number DA22970;
- One Mossberg 535, 12 GA shotgun with serial number AT0004024;
- One Savage 24, .22 caliber/20 GA firearm with serial number F102372;
- One Century Arms International VSKA 7.62 caliber rifle with serial number SV7118284;
- One Maadi MISR 7.62 caliber rifle with serial number CAI08263;
- One Marlin 30AW, 30130 rifle with serial number 07018017;
- One Remington 770, .243 caliber rifle with serial number 71443131;
- One US Carbine M1, .30 caliber rifle, with serial number 1520099;
- One Marlin Glenfield 30A, 30130 rifle with serial number 19124507;
- One Sig Sauer SP2022, 9mm pistol with serial number 24B235323; and
- All ammunition recovered from any of the above firearms, as well as other assorted ammunition recovered from Russ's residence on October 22, 2024.

TERRY RUSS forfeits the Property to the United States as property used to facilitate the offense in violation of 18 U.S.C. § 924(c)(1)(A)(i) as set forth in the Forfeiture Notice of the Indictment, which incorporates Count Five by reference.

        TERRY RUSS agrees to immediately and voluntarily forfeit to the United States his interest, if any, in the Property.

b.    TERRY RUSS agrees that the Property may be forfeited immediately and that the forfeiture need not wait until he is sentenced. TERRY RUSS further agrees that if for any reason this criminal forfeiture cannot be accomplished, the United States may at any time (without regard to any statute of limitations or doctrine of laches) bring a civil forfeiture complaint against the same property. In the event of any such filing, TERRY RUSS will not file a claim nor contest the forfeiture in any way and will not cause any other person to file a claim or contest the forfeiture.

c.    TERRY RUSS agrees that by entering into this plea agreement, he voluntarily and knowingly waives any challenge in any manner, including by direct appeal and/or habeas corpus, to any forfeiture carried out in accordance with this plea agreement, including challenges under the Fifth and Eighth Amendments to the United States Constitution (including claims of double jeopardy, cruel and unusual punishment, an excessive fine, a disproportionate punishment, or a violation of due process), the Court's failure to comply with any and all requirement of Federal Rule of Criminal Procedure 11(b)(1)(J), and any and all requirement of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges and agrees that by pleading guilty and waiving his right to a jury trial, he is also waiving his right to retain the jury for purposes of forfeiture as outlined in Federal Rule of Criminal Procedure 32.2(b)(5). The defendant

      acknowledges and agrees that he has no constitutional right to a jury trial on the forfeiture of assets, and waives all constitutional, legal and equitable defenses to the forfeiture of these assets in any proceeding. The defendant further acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case.

    d.     TERRY RUSS agrees that forfeiture of the Property shall not be deemed as satisfaction of any fine, restitution, cost of imprisonment or any other penalty this Court may impose upon him in addition to forfeiture, nor may the forfeitures be used to offset any tax liability or other debt owed by the defendant to the United States.

    e.     TERRY RUSS agrees to hold the United States its agents, and employees, and any state or local law enforcement agency participating in the investigation and prosecution of this case, harmless from any claims whatsoever in connection with the seizure and forfeiture, as well as the seizure, detention and return of any property in connection with the investigation and prosecution of this case.

14. It is understood and agreed by the parties that should TERRY RUSS's plea not be accepted by the Court for whatever reason, or later be withdrawn or vacated, this agreement may be voided at the option of the United States and he may be prosecuted for any and all offenses otherwise permissible. TERRY RUSS also agrees that the statute of limitations for all uncharged criminal offenses known to the United States as of the date it signs this plea agreement will be tolled for the entire period of time that elapses between the signing of this agreement and the completion of the period for timely filing a petition under 28 U.S.C. § 2255, or if such petition is filed, the date of any decision by a court to vacate the plea or the conviction.

15. It is further understood that this agreement is limited to the Office of the United States Attorney for the District of Vermont and cannot bind other federal, state or local prosecuting authorities.

16. TERRY RUSS expressly states that he makes this agreement of his own free will, with full knowledge and understanding of the agreement and with the advice and assistance of his counsel, Chandler Matson, Esq. TERRY RUSS further states that his plea of guilty is not the result of any threats or of any promises beyond the provisions of this agreement. Furthermore, TERRY RUSS expressly states that he is fully satisfied with the representation provided by his attorney, Chandler Matson, Esq., and has had full opportunity to consult with his attorney concerning this agreement, concerning the applicability and impact of the Sentencing Guidelines (including, but not limited to, the relevant conduct provisions of Guideline Section 1B1.3), and concerning the potential terms and conditions of supervised release.

17. No agreements have been made by the parties or their counsel other than those contained herein or in any written agreement supplementing this agreement.

UNITED STATES OF AMERICA

MICHAEL P. DRESCHER
Acting United States Attorney

10/31/2025
Date

By: /s/ David Golubock
David Golubock
Assistant U.S. Attorney

10/25/2025
Date

TERRY RUSS
Defendant

I have read, fully reviewed and explained this agreement to my client, TERRY RUSS. I believe that he understands the agreement and is entering into the agreement voluntarily and knowingly.

10-25-2025
Date

Chandler Matson
Counsel for the Defendant

11